# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Craig L. Anderson,                                        Civil No. 11-2660 ADM/AJB

                              Plaintiff,

                                                    **REPORT AND RECOMMENDATION**
v.                                                  **ON MOTION TO DISMISS BY JOHN**
                                                    **MORRISON AND MOTIONS FOR**
County of Jackson, Margaret                         **SUMMARY JUDGMENT BY BRUCE**
Salzwedal, Terry Whitman,                           **AND DARLENE ANDERSON AND**
Bruce Anderson, Darlene Anderson,                   **JACKSON COUNTY DEFENDANTS**
Robert O'Connor, John Morrison,
Cynthia Burrell, John Doe and
Jane Doe,

                              Defendants.


        Craig L. Anderson, pro se plaintiff;

        Joseph M. Bromeland, Esq., for defendants Jackson County, Terry Whitman, and Robert
        O'Connor;

        Frank J. Rajkowski, Esq., for defendants Bruce Anderson and Darlene Anderson;

        Gregory E. Karpenko, Esq., and Joseph J. Cassioppi, Esq., for defendant John Morrison;
        and

        Cynthia Burrell, pro se defendant.


        This action is before the court, Chief Magistrate Judge Arthur J. Boylan, 300

South Fourth Street, Minneapolis, Minnesota 55415, on Motion to Dismiss by defendant Dr.

John Morrison [Docket No. 15]; Motion for Summary Judgment by defendants Bruce and

Darlene Anderson ("Anderson Defendants") [Docket No. 38]; and joint Motion for Summary

Judgment by defendants Jackson County, Terry Whitman, and Robert O'Connor ("Jackson

County Defendants") [Docket No. 47].  The court also herein addresses a Motion to Stay

Discovery by Dr. Morrison [Docket No. 32], a Motion to Amend Complaint and Substitute

Parties by plaintiff Craig Anderson [Docket No. 92], a Motion for Summary Judgment against

Defendant Cynthia Burrell by plaintiff Anderson [Docket No. 96], and a Rule 11 Motion for

Sanctions by plaintiff Anderson [Docket No. 103].  The motions are considered on the

memorandums, declarations, affidavits and exhibits submitted by the parties, and without

hearing.

The case has been referred to the magistrate judge for report and recommendation

under 28 U.S.C. §636(b)(1).  It is the court's determination that the motions for summary

judgment and dismissal by defendant Morrison, the Anderson Defendants, and the Jackson

County Defendants should be granted; the plaintiff's motion for summary judgment against

Cynthia Burrell should be denied; the plaintiff's motions to amend the complaint and for Rule 11

sanctions should be denied; and the complaint in this matter should be dismissed with prejudice

as to all defendants and all claims.

**Background and Claims**

Plaintiff Craig Anderson is the older brother of defendant Bruce Anderson.

Darlene Anderson is Bruce Anderson's spouse.  Craig and Bruce Anderson are the children of

Leslie R. Anderson and Donna Mae Anderson.  Plaintiff Craig Anderson had been residing in

Florida prior to June 2003, at which time he returned to his hometown of Jackson, Minnesota to

assume the care of his elderly parents.[1]  At the time the parents were in their mid-80s and were

living in the family home, but were in poor health.  Previously, Bruce and Darlene Anderson had

been bringing the parents to medical appointments and otherwise providing assistance, and had

---

[1] Compl. ¶¶ 5 and 13.

2

made efforts to relocate them to a condominium in nearby Worthington, Minnesota, where Bruce and Darlene Anderson resided.[2]  Circumstances relating to Craig Anderson's return to the parent's home and his assumption of responsibilities for their care caused or exacerbated a rift in the relationship between the brothers.[3]  Craig Anderson moved into the family house, and as a result, the parents were able to remain there for the time being, despite reservations of Bruce Anderson regarding Craig Anderson's ability to meet certain expectations.[4]

On December 2, 2003, Leslie and Donna Mae Anderson executed a Certificate of Trust which contained a provision for "Successor Trustee Notice," allowing delegation of trust powers to a named successor.[5]  Also on that date Leslie and Donna Mae Anderson each executed a Durable Power of Attorney appointing the other spouse as Attorney-in Fact, and further appointing Craig Anderson as first alternative Attorney-in-Fact.[6]  A year later, on December 8, 2004, Dr. John Morrison, a Mayo Clinic physician, signed a Medical Certification stating that Leslie Anderson was affected by hypertension, seizures, prior head trauma, pacemaker, mild cognitive impairment, diabetes, stroke, bladder cancer, and hypothyroidism to a degree that he

---

[2]  Reply by Craig Anderson, Ex. E and Ex. F. [Docket No. 84].  Aff. of Bruce Anderson dated Sept. 4, 2005, and Aff. of Darlene Anderson dated Sept. 4, 2005.

[3]  Id., Ex. A.  Email correspondence from Bruce Anderson to Craig Anderson dated June 8, 2003.  Plaintiff cites language in this email as proof of an allegation that Bruce Anderson "abandoned" his parents.  The court finds that this is a substantial mischaracterization of the email.  In any event, and despite plaintiff's frequent assertions to the contrary, the allegation is not pertinent to the legal issues before the court in this case.

[4]  Id., i.e. get a full-time job, pay rent, go to church, honor promises made to parents.

[5]  Compl. Ex. A.

[6]  Aff. of Joseph M. Bromeland [Docket No. 50], Ex. 4, pp. 4-10.

was impaired in his ability to act as a fiduciary or trustee.[7]  Similarly, Dr. Morrison certified that

Donna Mae Anderson was incapacitated by hypertension, mild cognitive impairment, macular

degeneration, hyperlipedmia, osteoarthritis in the knee, and vascular headaches.[8]  Craig

Anderson signed a Successor Trustee Notice on December 17, 2004, assuming the trustee's

rights and interests in the trust assets, including personal and real property.[9]

Approximately seven months later, on June 28, 2005, Leslie and Donna Mae

Anderson called the Jackson County Human Services Department from a neighbor's house,

reporting that Craig had been verbally abusive and profane, causing them fear.  He had refused

to let them use the phone to seek help and had thrown a phone on the floor and shattered it.[10]  At

that time county officials intervened.  A Common Entry Point (CEP Intake Form, Vulnerable

Adult Maltreatment Report) was prepared by the county agency.[11]  The report indicated that the

couple had been taken to the Jackson Medical Center for respite care.  Also on that date, Jackson

County Department of Human Services filed petitions in Jackson County District Court seeking

appointment of an emergency guardian for Leslie and Donna Mae Anderson, therein describing

reported actions by Craig Anderson which prompted the petition.[12]  The petitions were supported

---

[7] Compl. Ex. B.

[8] Id., Ex. B.

[9] Id., Ex. C.

[10] Aff. of Terry Whitman [Docket No. 44], Ex. 1.

[11] Id.

[12] Aff. of Joseph M. Bromeland [Docket No. 50], Ex. 4, Aff. of Joseph Bromeland, Ex. D and Ex. E.  An affidavit by Joseph Bromeland, attorney for the Jackson County Defendants, was submitted in a case commenced by Craig Anderson in Jackson County in 2009.  That affidavit, with exhibits A–S, is submitted as Ex. 4 to the Aff. of Joseph Bromeland in this federal case.

by a physician's statement.[13]  Court Orders appointing Jackson County Human Services as emergency guardian were issued on July 1, 2005.[14]

Leslie and Donna Mae Anderson were subsequently placed in a Jackson, Minnesota care facility operated by the Evangelical Lutheran Good Samaritan Society, doing business as The Pines.  On July 26, 2005, The Pines petitioned for a Harassment Restraining Order prohibiting Craig Anderson from contacting employees and barring his presence at the facility.[15]   The Petition cited harassing and threatening conduct on July 8 and 9, 2005, and included a detailed report by The Pines manager.[16]  A Harassment Restraining Order was issued by the Jackson County District Court on July 26, 2005, based upon the court's express finding of reasonable grounds to believe that Craig Anderson had engaged in harassing and threatening behavior towards staff at The Pines.[17]

On August 16, 2005, Leslie and Donna Mae Anderson executed separate and immediate revocations of the Durable Powers of Attorney that had been granted to Craig Anderson,[18] and on August 18, 2005, Dr. Morrison signed Medical Certifications for Leslie and Donna Mae Anderson stating that the impairments cited in the December 8, 2004, Medical

---

[13]  Aff. of Joseph M. Bromeland, Ex. 4, Ex. D and Ex. E.

[14]  Id., Ex. 4, Aff. of Joseph Bromeland, Ex. F. and Ex. G.

[15]  Id., Ex. H.

[16]  Id.

[17]  Id., Ex. I.

[18]  Id., Ex. M and Ex. N, and Compl. Ex. E.

Certifications were no longer effective.[19]   Jackson County petitions for the appointment of

Cynthia A. Burrell as guardian and conservator for Leslie and Donna Mae Anderson were filed

on or about September 9, 2005,[20] and Ms. Burrell was appointed guardian and conservator for

Leslie and Donna Mae Anderson by Orders dated October 27, 2005.[21]  Annual conservatorship

accountings were submitted and approved by the Jackson County District Court in April 2007,

March 2008, and a final accounting was approved on March 11, 2008.[22]

> **Criminal Proceedings.**[23]  Meanwhile, by way of criminal complaint dated

August 27, 2005, Craig Anderson was charged with two counts of financial exploitation of a

vulnerable adult and four counts of drug possession.[24]  The complaint states that an investigation

was commenced after a report was received from Jackson County Human Services Director

Terry Whitman on August 19, 2005, indicating possible financial irregularities in investment and

credit card accounts of Leslie and Donna Mae Anderson.  The extensive and detailed complaint

was based upon interviews with Bruce and Darlene Anderson and others, and the complaint

referenced numerous financial and credit documents.  In addition, evidence to support the

---

[19]  Aff. of Joseph M. Bromeland, Ex. 4, Ex. O and Compl. Ex. D.

[20]  Id., Ex. P and Ex. Q.

[21]  Id., Ex. R and Ex. S and Compl. Ex. F.

[22]  Aff. of Bruce Anderson [Docket No. 42], Ex. A.

[23]  Plaintiff Craig Anderson is presently incarcerated at the federal prison facility in Leavenworth, Kansas, pursuant to a conviction in United States District Court for the District of Minnesota on a felon in possession of ammunition charge.  The federal criminal matter is not the subject of this action and is not directly pertinent to discussion presented here.  See United States v. Anderson, _ F.3d _ (8th Cir.), 2012 WL 878788 (March 16, 2012).

[24]  Aff. of Frank J. Rajkowski [Docket No. 41], Ex. A.

complaint was obtained in the execution of a search warrant on August 27, 2005, at the Anderson family home in which Craig Anderson resided.[25]  In subsequent criminal proceedings Craig Anderson challenged the probable cause for the charges.  Jackson County District Court Judge Douglas Richards issued an Omnibus Order dated November 30, 2007, in which he expressly concluded that there was probable cause to believe Craig Anderson had committed the crimes of financial exploitation of a vulnerable adult as charged in Count 1 and 2 of the complaint, as well as Count 5 and 6 drug charges.  A drug charge and a weapons charge were dismissed and the financial exploitation counts were severed from the drug counts for separate trials.[26]  A jury trial was held on the remaining drug charges on April 3, 2008.  Craig Anderson was convicted of a fifth degree controlled substance crime and sentenced to a stayed prison term of one-year-and-a-day.[27]  The conviction was upheld on appeal.[28]  The Jackson County Attorney's Office subsequently elected to dismiss the financial exploitation charges based upon attainment of a conviction on drug charges and the likelihood of concurrent sentencing, the lengthy trial that would be needed in light of the nature of the charges, and witness issues,

---

[25]  Aff. of Frank J. Rajkowski, Ex. A.

[26]  Id., Ex. B.  Probable cause for the financial exploitation charges had been found in a prior court decision issued by District Court Judge Robert Walker on January 10, 2007, and an amended decision dated January 12, 2007, but the decision was vacated following removal of Judge Walker for cause, based upon a comment made in his Omnibus Order regarding his observations on the dynamic between Craig Anderson and his parents.  Plaintiff's Reply, Ex. N [Docket No. 84].

[27]  Id., Ex. C.  State v. Anderson, Minnesota Court of Appeals unpublished opinion filed August 18, 2009.

[28]  Id.

including the declining health of Leslie and Donna Mae Anderson.[29]

**Craig Anderson Civil Litigation.** Cynthia Burrell, as conservator and guardian, commenced suit against Craig Anderson in Jackson County in 2006. The action related to assets of Leslie and Donna Mae Anderson. Pursuant to a Settlement Agreement and Release, Craig Anderson received $35,000 in exchange for his agreement to vacate his parent's homestead and convey his interest in the property by quit claim deed.[30] Also, Craig Anderson was required to assume responsibility for certain credit card debt and was allowed to keep a motorcycle and other personal property, and he remained the sole beneficiary of the parents' estates.[31] Finally, the settlement provided that the parties waived and released all claims arising out of the guardianship relationship.[32]

Subsequently, a Minnesota state court action was commenced in 2009 by Craig Anderson, as trustee and attorney-in-fact for Leslie and Donna Mae Anderson, against a medical facility and three physicians, including Dr. Morrison. The matter was filed in Jackson County state court on or about October 1, 2009, alleging malpractice and negligence by the medical defendants with respect to the care of Leslie and Donna Mae Anderson.[33] An amended complaint was filed on or about October 20, 2009, to state that Craig Anderson was also suing in

---

[29] Aff. of Sherry Haley [Docket No. 51].

[30] Aff. of Bruce Anderson, Ex. B. The settlement document is undated, but it pre-dated a lawsuit filed by Craig Anderson, against Bruce Anderson, Cynthia Burrell and others on or about October 20, 2009. Id. ¶11, Ex. C., Amd. Compl.

[31] Id.

[32] Id.

[33] Decl. of Joseph J. Cassioppi, Ex. A [Docket No. 18].

8

both a trustee capacity and an individual capacity.[34]  A motion to dismiss by all defendants was granted by Order dated June 1, 2010.[35]  Dr. Morrison's motion to dismiss was granted on grounds that Craig Anderson did not have standing to assert a malpractice claim on behalf of his parents, and he did not state a cause of action against Dr. Morrison with respect to the parent's trust assets.  Craig Anderson's request for relief from the Order dismissing Dr. Morrison[36] was denied.[37]

Also, on or about October 20, 2009, Craig Anderson filed a separate amended complaint purporting to state claims against Bruce Anderson, Cynthia Burrell, and several Jackson County employees for fraudulent re-capacitation of Leslie and Donna Mae Anderson and conversion of the parent's real property.[38]  Bruce Anderson's motion for summary judgment dismissing claims against him was granted by Order dated December 13, 2010, wherein the court discussed the prior settlement agreement regarding Craig Anderson's execution of a quit claim deed and disposition of the homestead, and expressly stated that there was no evidence to establish that Craig Anderson had some type of actionable interest in the property.[39]  A motion

---

[34]  Decl. of Joseph J. Cassioppi, Ex. B.  Named defendants were Greg J. Clark, Avera Specialty Clinic, John F. Morrison, and Ronald F. Kline.  Only John F. Morrison is a defendant in this matter.

[35]  Id., Ex. E.

[36]  Id., Ex. F.

[37]  Id., Ex. H.

[38]  Aff. of Bruce Anderson, Ex. C.

[39]  Id., Ex. D.

for summary judgment by certain Jackson County Department of Human Services employees[40]
was granted and both individual and official capacity claims were dismissed by Order dated
August 27, 2010, on multiple immunity grounds.[41]

    **Claims.** In his complaint plaintiff Craig Anderson first asserts a Fourteenth
Amendment equal protection claim against Dr. Morrison, Jackson County, Jackson County
Human Services Director Terry Whitman, Jackson County Attorney Robert O'Connor, and Jane
and John Does for conspiracy to commit tortious interference with fiduciary duties.  The count
relates to those defendants' roles in the re-capacitation of Leslie and Donna Mae Anderson in
August 2005, and alleges interference with his own fiduciary duties to his parents.  Plaintiff's
second count alleges conspiracy among Jackson Police Officer Margaret Salzwedal, unspecified
John and Jane Does, and Bruce and Darlene Anderson, resulting in false arrest in violation of
plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.
Plaintiff's third count alleges malicious prosecution.  The claim is brought against Margaret
Salzwedal, Terry Whitman, Bruce and Darlene Anderson, and John and Jane Does, and asserts
conspiracy in regards to financial exploitation charges filed in August 2005.  Count IV alleges
tortious interference with expected economic advantages as a Fourteenth Amendment equal
protection action against Robert O'Connor, Cynthia Burrell, Bruce Anderson, John and Jane
Does, and Jackson County, asserting conspiracy in regards to the depletion of his parent's estate.
Count V alleges malicious abuse of process as a conspiracy by all the individual defendants to

---

  [40]  Terry Whitman and Raymond Reese are Jackson County Department of Human
Services employees and Robert O'Connor is the Jackson County Attorney.  Reese is not named a
defendant in this federal action.  Whitman and O'Connor are named defendants in this case.

  [41]  Aff. of Bromeland [Docket No. 50], Ex. H.

target the plaintiff in violation of his Fourteenth Amendment equal protection rights.  Count VI

alleges <u>Monell</u> claims against Jackson County, asserting county liability on the Count III

malicious prosecution claim, as well as liability for acts of county employees on Counts I, II, IV,

and V.  Finally, Count VII asserts a RICO wire fraud claim against all of the individual

defendants, based upon various designated FAX transmissions, emails, and phone calls and

conferences allegedly made in furtherance of schemes to defraud.

**<u>Morrison Motion to Dismiss</u>**

   **Standard of Review.**  A complaint that is being challenged on motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to

survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129

S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955

(2007)).  A complaint must contain sufficient facts to state a claim that is not merely

conceivable, but rather, is plausible.  <u>Twombly</u>, 127 S.Ct. at 1974.  When reviewing a motion to

dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and

drawing all reasonable inferences from those facts in the plaintiff's favor.  <u>Twombly</u>, 127 S.Ct.

at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the

plaintiff will be able to prove all of the factual allegations contained therein.  <u>Id.</u>  Accordingly, a

well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery

appears remote.  <u>Id.</u> at 1965.  However, a plaintiff cannot rely upon general and conclusory

allegations to survive a Rule 12(b)(6) motion.  <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir.

1985).

   When matters outside the pleadings are presented with a Rule 12(b)(6) motion,

and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment.  However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)).  See also  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference.  Piper Jaffray, 967 F. Supp at 1152.  In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. Am. Home Prod., Corp., 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)).  On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment.  Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

In support of his motion to dismiss, the Defendant John Morrison submitted the Declarations of Joseph J. Cassioppi for purposes of offering several exhibits.[42]  The declarations contain no fact assertions and the exhibits are all court documents that are matters of public record which are properly considered on motion to dismiss without converting the motion into one for summary judgment.  Dr. Morrison's motion to dismiss will be considered pursuant to Federal Rule of Civil Procedure 12 and will not be construed as a motion for summary judgment.

---

[42] [Docket Nos. 18 and 61].

**Res Judicata.**   Defendant John Morrison moves to dismiss claims against him in this case on grounds that they are based upon the same factual circumstances that were at issue in a prior state court action that was dismissed with prejudice, and this action is therefore barred by res judicata.  Plaintiff Craig Anderson commenced a lawsuit against Dr. Morrison in Jackson County District Court in October 2009.  In an amended complaint the plaintiff asserted claims in his individual capacity as well on behalf of his parents.  In the state action plaintiff alleged that in August 2005, Dr. Morrison improperly certified that Leslie and Donna Mae Anderson were capable of managing their own estate affairs after having made a contrary determination in 2004.  As a result the plaintiff's authority as trustee and attorney-in-fact was terminated and a guardian/conservator, Cynthia Burrell, was appointed for the parents.  Plaintiff alleged medical malpractice by Dr. Morrison and Dr. Kline regarding the wrongful re-capacitation of his parents and sought recovery of the value of property converted by the guardian.[43]  The Jackson County case was dismissed with prejudice because plaintiff could not maintain a third party medical malpractice claim, the complaint did not allege economic damages to the plaintiff, and the pleading did not state a causal connection between Dr. Morrison and any loss that the plaintiff claimed to have suffered.[44]  In the present federal action Craig Anderson alleges Dr. Morrison's liability for tortious interference with fiduciary duties in Count I, malicious abuse of process in Count V, and RICO violations in Count VII.  To the extent that facts involving Dr. Morrison are alleged, those facts relate to the same re-capacitation claim that was presented as a medical malpractice claim in the state court case.

---

[43]  Decl. of Joseph J. Cassioppi, Ex. B.

[44]  Id., Ex. E.

Minnesota principles of res judicata are properly applied to determine the preclusive effect of the prior state court decision on the claims in this federal case.  Semler v. Klang, 603 F. Supp. 2d 1211, 1224 (Minn. 2009) (citing Migra v. Warren City School Dist. Board of Education, 465 U.S. 75, 81, 104 S.Ct. 892 (1984) and Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir. 1996)).  Under Minnesota law res judicata precludes claims in a subsequent action when: (1) the previous claim involved that same set of fact circumstances; (2) the prior claim involved the same parties or their privities; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter.  Id. (citing Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.,732 N.W.2d 209, 220 (Minn. 2007)).  Res judicata bars claims in a second suit that either were or could have been litigated in the earlier case.  Id.

The claims against Dr. Morrison in this case are based upon the very same re-capacitation claim and facts relating to the claim that were the basis for plaintiff's medical malpractice action in the Jackson County case that was dismissed; plaintiff Craig Anderson, in an individual capacity, and Dr. Morrison were both parties to the prior claim; the state action was dismissed on the merits and judgment was entered; and plaintiff Craig Anderson had full and fair opportunity to litigate the state action, and he took advantage of the opportunity.[45]

Plaintiff's contention that claims in which Dr. Morrison is named did not accrue until certain state criminal charges were dismissed does not relate to a material fact because the dismissal of criminal charges is not evidence that the charges were improperly alleged.  The complaint in this matter, along with exhibits necessarily embraced in the pleading, does not

---

[45]   Decl. of Joseph J. Cassioppi, Ex. D, Plaintiff's Reply and Objection to Defendant's Motion to Dismiss.

contain sufficient facts to state a claim that is plausible in light of the res judicata defense.

Plaintiff's claims against Dr. John Morrison are precluded by res judicata and should be

dismissed with prejudice.

    **Morrison Motion for Protective Order.**  Defendant Dr. John Morrison moved

to stay discovery in this matter [Docket No. 32] pending a decision on his motion to dismiss.  By

Order on Continuance and Motions dated January 13, 2012 [Docket No. 78], plaintiff was

provided time to submit a response to the motion for stay of discovery and no timely response to

that motion was forthcoming.  Moreover, plaintiff's memorandum of law and reply to defendant

Morrison's motion to dismiss contained no argument that particular discovery, or any discovery

at all, was necessary to a decision on the motion.  Under these circumstances, and in light of the

recommendation that claims against Dr. Morrison be dismissed on res judicata grounds, the

motion for protective order is moot.

**Motions for Summary Judgment**

    **Standard of Review.**  Summary judgment is appropriate where there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The moving party has the initial responsibility of demonstrating that there

is no genuine issue of material fact to be decided.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-

323, 106 S.Ct. 2548, 2553 (1986).  In its review of the facts the court must consider the evidence

in the light most favorable to the party opposing summary judgment.  Kneibert v. Thomson

Newspapers, Michigan, Inc., 129 F.3d 444, 451 (8th Cir. 1997).  When a motion for summary

judgment has been made and supported by the pleadings and affidavits as provided in Rule

56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a

trial is required because a disputed issue of material fact exists.  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).  In satisfying this

burden, however, the non-moving party must do more than simply establish doubt as to the

material facts.  The party opposing summary judgment may not "rest upon the mere allegations

or denials of the adverse party's pleading, but  . . .  must set forth specific facts showing that

there is a genuine issue for trial."  Matsushita, 106 S.Ct. at 1355, n.11; Krenik v. County of Le

Sueur, 47 F.3d 953, 957 (8th Cir. 1995); Fed. R. Civ. P. 56(e).  Evidence must be presented to

defeat a properly supported summary judgment motion and a party may not rely upon conclusory

allegations and unsupported assertions.  Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'"  Matsushita, 106 S.Ct. at 1356 (citation

omitted).

   The County Defendants and Bruce and Darlene Anderson have filed separate

motions for summary judgment.  Although all the parties are not named defendants as to each

count in the complaint, the defendants named as to each particular count, and the defendants'

various grounds for seeking summary judgment, as well as the documents pertinent to each

count, substantially coincide.  The court therefore finds it prudent and convenient to consider the

various bases for summary judgment that have been asserted in the context of each count and its

merits.

   **Count I: Fourteenth Amendment Claim, Tortious Interference with**

**Fiduciary Duties–42 U.S.C. § 1983–Conspiracy.**  In this count plaintiff Craig Anderson seeks

judgment against Jackson County, Terry Whitman, and Robert O'Connor, as well as John

Morrison[46] and unidentified parties.  The claim purports to be a § 1983 civil rights claim based upon an equal protection guarantee under the Fourteenth Amendment.  The count alleges that the plaintiff owed his incapacitated parents fiduciary duties as a trustee of the Anderson Trust, and the defendants interfered with those duties in their efforts to re-capacitate the parents in August 2005, and by obtaining a court appointed guardian/conservator on October 27, 2005.

The purpose of the equal protection clause of the Fourteenth Amendment of the U.S. Constitution is to protect against intentional and arbitrary discrimination by the state or its agents.  Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000), see Davis v. City of St. John, 2005 WL 6124835 *2 (E.D. Mo., June 13, 2005).  A "class of one" may be recognized for purposes of an equal protection claim where the plaintiff alleges that defendants have intentionally treated him differently from others similarly situated and there is no rational basis for the difference in treatment.  City of Willowbrook, 528 U.S. at 564.

Review of the entire complaint in this matter fails to reveal any allegation that the plaintiff was all or part of a protected class, that he was treated differently from others similarly situated, that he was subjected to discrimination in any sense, or that defendants treated him differently from others in a manner that had no rational basis.  Though plaintiff alleges tortious government interference and a Fourteenth Amendment right to be free from arbitrary and outrageous government interference, the equal protection clause is not the source of such a right, to the extent it may exist, and plaintiff does not identify any other source.  Furthermore, in considering the collection of documents that have been submitted to the court by both the plaintiff and defendants, the court finds no evidence that supports an allegation of discriminatory

---

[46] Dr. Morrison should be dismissed from this action for reasons previously stated.  His dismissal is also appropriate on additional grounds as discussed herein.

treatment.  Plaintiff has not stated a cause of action for interference with fiduciary duties under §1983.

Plaintiff's reason for asserting this claim as a civil rights action under § 1983 is not expressly stated, but it can be reasonably deduced that characterization of the claim as a federal issue was a futile effort to distinguish the count from a claim asserted in a prior lawsuit. Indeed, plaintiff Craig Anderson sued Terry Whitman and Robert O'Connor in their individual and official capacities in October 2009, in Jackson County District Court.[47]  The amended complaint alleged their fraudulent and malicious obtaining of a letter of re-capacitation of the elder Andersons for the purpose of defrauding the plaintiff of his rights as a Successor Trustee.[48] The state case was dismissed on the merits by Order of Jackson County District Court Judge Todd W. Westphal, dated August 27, 2010,[49] and Judgment was entered on January 14, 2011.[50] The state case involved precisely the same set of facts that are alleged in this action; the state case involved the same parties that are named in this action; there was a final judgment in the state case; and plaintiff Craig Anderson had full and fair opportunity to litigate the state case. Res judicata bars claims in this lawsuit that either were or could have been litigated in the earlier case and the claim against Terry Whitman and Robert O'Connor is therefore barred by res judicata.  Semler v. Klang, 603 F. Supp. 2d 1211, 1224 (Minn. 2009).  With respect to Jackson County, Count I states no independent grounds for county liability apart from the actions of

---

[47]  Aff. of Bromeland [Docket No. 50], Ex. B, Amended Complaint.

[48]  Id., ¶ 5.

[49]  Id., Ex. H.

[50]  Id., Ex. I.

county employees who were acting within the scope of employment and were therefore in privity with the county.  Consequently, Jackson County is likewise entitled to the protection provided by res judicata.

**Count II: Fourth Amendment Claim, False Arrest–42 U.S.C. §**

**1983–Conspiracy.**  Count II alleges that Officer Margaret Salzwedal,[51] Bruce and Darlene Anderson, and unidentified Jane and John Does, conspired under color of state law to effectuate the plaintiff's unlawful arrest without probable cause by fabricating and presenting false information.  This claim also purports to be a § 1983 civil rights claim.  The count references only facts and documents relating to plaintiff's arrest on drug and financial exploitation charges in August 2005.[52]  Probable cause for both financial exploitation charges and drug charges was litigated and expressly found to exist.[53]

Defendants Bruce and Darlene Anderson deny any conspiratorial involvement or actions under color of law with respect to plaintiff's arrest, but contend that, in any event, the claim is barred by the statute of limitations.  42 U.S.C. §1983 does not expressly establish a period of limitations.  Federal courts therefore look to state statutes of limitations that apply to analogous causes of action under state law.  However, despite the existence of a specific two-year statute of limitations on false arrest claims under Minn. Stat. § 541.07(1), the limitations

---

[51]  No response to this suit has been submitted on behalf of Officer Salzwedal.  In a Motion to Amend Complaint and Substitute Parties filed on February 21, 2012 [Docket No. 92], plaintiff indicates that Margaret Salzwedal is deceased, and he moves to add parties.  For reasons discussed with respect to the separate counts in the complaint, the motion to amend is futile and should be denied.

[52]  Aff. of Frank J. Rajkowski, Ex. A.

[53]  Id., Ex. B.

period for § 1983 claims is based upon general or residual personal injury limits on actions.

Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573 (1989).  The limitation period for a personal injury

action in Minnesota is six years.  Minn. Stat. § 541.05.  The statute of limitations on a § 1983

claim seeking damages for false arrest in violation of the Fourth Amendment begins to run when

the claimant is detained pursuant to legal process.  Wallace v. Kato, 549 U.S. 384, 396, 127 S.Ct.

1091 (2007).  After initial detention or arraignment any recoverable damages must be based

upon malicious prosecution.  Id. at 390.  Plaintiff Craig Anderson was detained pursuant to legal

process no later than August 30, 2005, when he made an appearance before a district court judge

on two counts of financial exploitation of a vulnerable adult and four drug counts.[54]  Plaintiff's

§1983 cause of action for false arrest accrued on that date.  He filed this action in federal court

on September 14, 2011, and summons were first issued on September 26, 2011, and reissued on

October 3, 2011.  It is clear on the record that this federal action was not commenced within the

six-year limitations period that began to run no later that August 30, 2005, and expired no later

than August 30, 2011.  The Count II cause of action for false arrest is barred as to all defendants,

named and unnamed, on statute of limitations grounds.

Moreover, only state actors can be held liable in a § 1983 action.  Youngblood v.

Hy-Vee Food Stores, Inc. 266 F.3d 851, 855 (8th Cir. 2001).  The court finds no direct evidence

in the record to support the assertion that defendant Bruce and Darlene Anderson were acting

under color of state law in regard to the false arrest claim, and information provided by them that

was incorporated into a criminal complaint does not compel the inference that they were acting

under color of state law.  A private party's mere participation in state legal proceedings does not

---

[54]  Aff. of Bromeland, Ex. J,  Minnesota v. Anderson, 2009 WL 2497596 (Minn. App.).

constitute state action.  Id.  Defendants Bruce and Darlene Anderson cannot be held liable for alleged civil rights violations under § 1983.

Finally, the relevant inquiry as to a Fourth Amendment false arrest charge is whether there was probable cause for the arrest.  Snyder v. Snyder, 2007 WL 894415 *8 (D. Minn. March 21, 2007).   In this instance the state court explicitly found probable cause for Craig Anderson's arrest on financial exploitation charges and there is no evidence before the court to support an allegation that the criminal complaint was invalid.  Plaintiff's Count II false arrest claim is wholly without merit and should be dismissed.

**Count III: State Law Claim, Malicious Prosecution–Conspiracy.**  Count III of plaintiff Craig Anderson's complaint is designated a state law claim against Officer Margaret Salzwedal, county employee Terry Whitman, Bruce and Darlene Anderson, and unidentified Jane and John Does.  The count alleges conspiracy under color of state law to falsely and maliciously charge the plaintiff with financial exploitation crimes without probable cause.

The elements of malicious prosecution in Minnesota are: (1) criminal action was commenced without probable cause; (2) prosecution was with malicious intent; and (3) ultimate termination in favor of the accused.  Stead-Bowers v. Langley, 636 N.W.2d 31, 36 (Minn. 1990); see also Sherbrooke v. City of Pelican Rapids, 577 F.3d 984, 987 (8th Cir. 2009) (a plaintiff seeking to state a claim for malicious prosecution under Minnesota law must show that the defendants acted against him without probable cause).  "[T]he test of probable cause to arrest is whether the objective facts are such that under the circumstances, a person of ordinary care and prudence would entertain an honest and strong suspicion that a crime had been committed." Sherbrooke, 577 F.3d at 987.

In this case the state court expressly concluded that there was probable cause to

charge Craig Anderson with financial exploitation offenses. There is no evidence in the record to cause this court to reject that probable cause determination and no basis for declining to recognize the state court decision on probable cause in this action. Neither the decision to sever the financial exploitation cases from the drug charges for which the plaintiff was ultimately convicted, nor the later dismissal of the financial exploitation charges, negates the initial probable cause determination. Plaintiff Craig Anderson has not presented evidence to establish the existence of a genuine issue of material fact regarding probable cause for the charges with respect to which he alleges malicious prosecution. Plaintiff's focus on the presumed antipathy defendants have towards him goes to the element of malicious intent and his spin on the evidence in that regard does not overcome the objective evidence establishing probable cause. See First Nat. Bank of Omaha v. Marquette Nat. Bank of Minneapolis, 482 F.Supp. 514, 523 (D. Minn. 1979). Motions for summary judgment by defendants Terry Whitman and Bruce and Darlene Anderson should be granted. In addition, the existence of probable cause for criminal prosecution of Craig Anderson on financial exploitation charges precludes the claim as stated in this matter as to all defendants. Therefore, Count III should be dismissed as to Officer Margaret Salzwedal and unidentified Jane Does and John Does as well.

**Count IV: Fourteenth Amendment Claim, Tortious Interference with Expected Economic Advantages–42 U.S.C. § 1983–Conspiracy.** Count IV of the complaint demands judgment against Robert O'Connor, Cynthia Burrell, Bruce Anderson, Jackson County, and unidentified Jane and John Does. Again, the claim purports to be a § 1983 civil rights claim based upon an equal protection guarantee under the Fourteenth Amendment. In this claim plaintiff alleges that defendants conspired to interfere with his contractual expectations regarding his parent's estate.

As the court previously stated in discussion on Count I, plaintiff has utterly failed to establish an equal protection, discrimination, or any other type of § 1983 civil rights basis as a cause of action in this case, including one founded upon tortious interference with expected economic advantages.  Indeed, the claim is expressly described as a contract claim.  This count is again premised upon the same set of facts that were previously litigated between the same parties, final judgment was entered in the state actions, and plaintiff had full and fair opportunity to litigate the previous claims.[55]  Semler v. Klang, 603 F. Supp. 2d 1211, 1224.  For these reasons Count VI is clearly barred by res judicata as to defendants Robert O'Connor, Cynthia Burrell, and Bruce Anderson.  With respect to Jane and John Does, the count states no facts whatsoever to support contract or other claims against those unidentified defendants.  The count likewise states no independent grounds or facts to support a cause of action against Jackson County that is distinct from the actions of county employees acting in privity with the county as employees.  Jackson County is therefore entitled to res judicata protection as well.  Count IV claims against defendants Robert O'Connor, Jackson County, and Bruce Anderson and Cynthia Burrell should be dismissed on res judicata grounds and claims against Jane and John Does should be dismissed for failure to allege facts sufficient to state a plausible claim.

### Count V: Fourteenth Amendment Claim, Malicious Abuse of Process–42 U.S.C. § 1983–Conspiracy.

Count V again alleges an equal protection civil rights action, now alleging discrimination by defendants Margaret Salzwedal, Terry Whitman, Robert O'Connor,

---

[55]  Aff. of Bromeland, Ex. H (Jackson Cty. Dist. Ct. Order and Judgment dated August 27, 2010, dismissing claims by Craig Anderson against Robert O'Connor, et al.); Aff. of Bruce Anderson, Ex. B (Settlement Agreement and Release as to all claims and counterclaims in action commenced by Cynthia Burrell as conservator and guardian against Craig Anderson); Aff. of Bruce Anderson, Ex. D (Jackson Cty. Dist. Ct. Order and Judgment dated January 5, 2011, dismissing claims by Craig Anderson against Bruce Anderson).

Cynthia Burrell, Bruce and Darlene Anderson, John Morrison, and Jane and John Does.  The claim asserts liability for abuse of process based upon actions in regard to the previously alleged claims for false arrest, malicious prosecution, and tortious interference with fiduciary duties and expected economic advantages.  Consequently, the claim is wholly derivative of unsustainable claims and should be dismissed.  No basis for a civil rights claim is alleged; res judicata bars this claim against defendants Whitman, O'Connor, Burrell, Bruce and Darlene Anderson, and John Morrison for the same reasons provided with respect to Counts I and IV; and the false arrest and malicious prosecution claims against various defendants, including Margaret Salzwedal, are precluded by the existence of probable cause.  Also, no facts whatsoever are stated to support this claim with regard to Jane or John Does.  The Count V claim for abuse of process should be dismissed.

**Count VI: 4th and 14th Amendment Claims–42 U.S.C. § 1983, County of Jackson (Monell).**  Plaintiff Craig Anderson herein purports to assert Jackson County's liability for damages based upon a contention that defendant Robert O'Connor is the final policy and decision maker as to official county policies which were then implemented by Jackson County Attorney, Robert O'Connor, and county employees Terry Whitman, Cynthia Burrell, Margaret Salzwedal, and Jane and John Doe.  Again, the claim is expressly derived from the constitutional violations as alleged in Counts I, II, IV, and V.

Plaintiff does not describe a particular county policy and, in essence, he asserts that any action taken by Jackson County Attorney O'Connor is county policy for which the county itself is liable if such policy runs afoul of the constitution.  The court finds no support for such an assertion.  A claim of government unit liability under Monell v. New York Department of Social Services, 436 U.S. 658 (1978) is premised upon an actual constitutional violation and a

policy or custom or practice that caused the violation.  The county may not be held vicariously liable for the unconstitutional acts of employees.  Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999).  However, a government entity may be held liable for the unconstitutional acts of its officials or employees when those acts implement an unconstitutional policy or custom.  Id. To establish local government liability the plaintiff must show that such policy or custom was the moving force behind the constitutional violation.  Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. Dept. of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978)).

In the present case the plaintiff has identified no Jackson County policy which was the moving force behind a constitutional violation.  Indeed, he has not even successfully alleged a violation of the United States Constitution, equal protection or otherwise, by any County defendant, individually or in an official capacity.  Furthermore, to the extent he has attempted to allege constitutional violations on Count I, Interference with Fiduciary Duties; Count II, False Arrest; Count IV, Interference with Expected Economic Advantages; and Count V, Abuse of Process, the claims are properly dismissed on the merits and therefore cannot support an action under Monell.  Plaintiff Craig Anderson's Count VI allegation of Jackson County liability under Monell is without merit and should be dismissed.

**Count VII: Racketeer Influenced and Corrupt Organizations Act (RICO) Claim–Wire Fraud–18 U.S.C. § 1962(d) and 18 U.S.C. § 1343.**  Count VII asserts RICO violations based upon allegedly fraudulent facsimile, telephone and email communications sent by defendants to this claim.  The claim caption references the RICO provision at 18 U.S.C.

§1962(d)[56] and alleges wire fraud under 18 U.S.C. § 1343.  The complaint generally alleges

existence of a pattern of racketeering activity in an apparent attempt to plead violations of 18

U.S.C. § 1962(a) and (b).  The claim also references an enterprise which may be unlawful under

18 U.S.C. § 1962(c), and contains a listing of communications which are allegedly in violation of

18 U.S.C. § 1343.

Plaintiff's RICO claim is preposterous.  The claim contains no facts to support

either an enterprise claim or a pattern of unlawful activity.  The various communications that are

cited as examples of wire fraud include the mere transmissions of documents which are not

fraudulent themselves or evidence of fraud under any reasonable assessment.  Other items

described as wire fraud include emails and phone conversations which are insufficiently

identified to suggest so much as a trace of illegality.  Moreover, the communications go nowhere

towards demonstrating either a pattern of unlawful activity or an enterprise created to engage in

a pattern of racketeering.  In short, the RICO count consists entirely of mere conclusory

allegations and unsupported assertions without a shred of factual support.  The complaint in this

matter does not set forth specific facts sufficient to show a genuine issue for trial on RICO

claims and Count VII should therefore be dismissed as to all defendants.

**Cynthia Burrell**

**Motion for Summary Judgment.**  Plaintiff moves for summary judgment

against court appointed guardian Cynthia Burrell as to Counts IV, V, and VII.  The court has

determined herein that the cited counts are without merit as a matter of law and should be

---

[56]  18 U.S.C. §1962(d) states:

It shall be unlawful for any person to conspire to violate any of the provisions of
subsection (a), (b), or (c) of this section.

dismissed.  Claims against Cynthia Burrell, in particular, are expressly precluded as a result of settlement and release.[57]   This motion, as well as the claims against this defendant are vexatious and the motion for summary judgment should be denied.

**Cynthia Burrell's Application to Proceed IFP and Motion for Appointment of Counsel.**  Defendant Cynthia Burrell has submitted a motion for court appointed counsel, citing health problems, financial hardship, and travel difficulties.  She further states that this is the fifth time Craig Anderson has sued her, and all previous actions have been dismissed.  Based upon the court's determination that all claims in this case should be dismissed, the defendant's motions for IFP and appointment of counsel should be denied as moot.

## Plaintiff's Motion to Amend Complaint and Substitute Parties

As previously indicated in footnote 51, no response was submitted on behalf of Officer Margaret Salzwedal and plaintiff advises the court that she is deceased.  Plaintiff therefore moves to amend the complaint to name Margaret Salzwedal's estate and to add certain officers.

Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires.  Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim.  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).  The court may refuse to permit amendment to assert claims which could not survive motion to dismiss.  Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989).  Essentially, the granting of a motion to amend a

---

[57]  Aff. of Bruce Anderson, Ex. B (Settlement Agreement and Release as to all claims and counterclaims in action commenced by Cynthia Burrell as conservator and guardian against Craig Anderson)

pleading lies in the sound discretion of the trial court.  <u>Upsher-Smith Laboratories, Inc. v. Mylan Laboratories, Inc.</u>, 944 F.Supp. 1411, 1442 (D. Minn. 1996).  It is the policy of the federal courts, as instructed by the Federal Rules, to adhere to the principle that the purpose of pleading is to facilitate a proper decision on the merits.  <u>Id.</u> at 1441 (citing <u>Foman v. Davis</u>, 83 S.Ct. at 229-30).  The amended claims are futile as a matter of law for reasons discussed with respect to the each of the separate counts in the complaint.  The motion to amend should be denied.

**<u>Plaintiff's Motion for Sanctions</u>**

Plaintiff moves for Rule 11 sanctions against Joseph M. Bromeland, attorney for the Jackson County defendants, asserting that Bromeland submitted a reply memorandum which contained representations that he knew to be false with regard to: (1) whether controlled substance crimes were more serious than financial exploitation charges; (2) whether it was the state or Craig Anderson who had requested severance for trial; (3) whether it was the criminal defendant Craig Anderson who chose to go to trial on drug charges first; and (4) whether the County Defendants were aware of criminal charges against Craig Anderson for failing to provide medical care for his parents.   Upon review of the alleged offending documents the court finds no clear misrepresentation of facts that would provide grounds for sanctions.  In any event, with respect to the fact issue presented in each of the alleged misstatements, the matter is simply not material to any aspect of the court's decision on the motions that are herein addressed.  Plaintiff's motion for sanction should be denied.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the court, the magistrate judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that:

1.  Defendant Dr. John F. Morrison's Motion to Dismiss [Docket No. 15] be **granted**;

2.  Defendant  Dr. John F. Morrison's Motion to Stay Discovery [Docket No. 32] be **denied as moot**;

3.  Defendant's Bruce and Darlene Anderson's Motion for Summary Judgment [Docket No. 38] be **granted**;

4.  Defendants County of Jackson, Terry Whitman and Robert O'Connor's Motion for Summary Judgment [Docket No. 47] be **granted;**

5.  Plaintiff Craig L. Anderson's Motion to Amend Complaint and Substitute Parties [Docket No. 92] be **denied**;

6.  Plaintiff Craig L. Anderson's Motion for Summary Judgment against Defendant Cynthia Burrell [Docket No. 96] be **denied;**

7.  Defendant Cynthia Burrell's application to proceed IFP [Docket No. 80] be **denied as moot**; and

8.  Defendant Cynthia Burrell's motion for appointment of counsel [Docket No. 82] be **denied as moot**.

9.  All claims against defendant Cynthia Burrell be **dismissed**.

10. All claims against defendant Margaret Salzwedal be **dismissed**.

11.  Plaintiff Craig L Anderson's Rule 11 Motion for Sanctions against Joseph M. Bromeland and the law firm of Wendland Sellers Bromeland [Docket No. 103] be **denied**.

12.  This action be dismissed with prejudice as to all claims and all defendants.

Dated: April 4, 2012

         s/ Arthur J. Boylan

        Arthur J. Boylan
        United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 18, 2012.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.