UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Craig L. Anderson,

        Plaintiff,

   v.                            **ORDER**
                                  Civil No. 11-2660 ADM/AJB
County of Jackson, Margaret Salzwedal,
Terry Whitman, Bruce Anderson,
Darlene Anderson, Robert O'Connor,
John Morrison, Cynthia Burrell, and
John Doe,

        Defendants.

_____

Craig L. Anderson, pro se.

Joseph M. Bromeland, Esq., Wendland Sellers Bromeland, P.A., Blue Earth, MN, on behalf of Defendants County of Jackson, Terry Whitman, and Robert O'Connor.

Frank J. Rajkowski, Esq., Rajkowski Hansmeier Ltd., St. Cloud, MN, on behalf of Defendants Bruce Anderson and Darlene Anderson.

Gregory E. Karpenko, Esq., and Joseph J. Cassioppi, Esq., Fredrikson & Byron, PA, Minneapolis, MN, and Joseph M. Colaiano, Esq., Mayo Clinic Legal Department, Rochester, MN, on behalf of Defendant John Morrison.

Cynthia Burrell, pro se.

_____

This matter is before the undersigned United States District Judge for consideration of Plaintiff Craig L. Anderson's ("Craig Anderson") Objections [Docket No. 105] to Chief Magistrate Judge Arthur J. Boylan's April 4, 2012 Report and Recommendation ("R&R") [Docket No. 104]. Judge Boylan's R&R recommends granting Defendant John Morrison's ("Morrison") Motion to Dismiss [Docket No. 15]; denying as moot Morrison's Motion to Stay Discovery [Docket No. 32]; granting Defendants Bruce Anderson and Darlene Anderson's

Motion for Summary Judgment [Docket No. 38]; granting Defendants County of Jackson ("Jackson County"), Terry Whitman ("Whitman"), and Robert O'Connor's ("O'Connor") Joint Motion for Summary Judgment [Docket No. 47]; denying as moot Defendant Cynthia Burrell's ("Burrell") Application to Proceed In Forma Pauperis [Docket No. 80] and Motion to Appoint Counsel [Docket No. 82]; denying Craig Anderson's Motion to Amend Complaint and Substitute Parties [Docket No. 92]; denying Craig Anderson's Motion for Summary Judgment Against Defendant Cynthia Burrell [Docket No. 96]; denying Craig Anderson's Motion for Sanctions [Docket No. 103]; and dismissing all claims against all Defendants. Based on a de novo review of the record, Craig Anderson's Objections to the R&R are overruled.

Judge Boylan's recitation of the factual background in this case is thorough and will not be repeated here, but rather is incorporated by reference. In his Objections, Craig Anderson disagrees with the facts relied on by Judge Boylan, argues that summary judgment was premature because he has not had the opportunity for discovery, and generally argues that the evidence in this case and in his prior cases is the result of a widespread conspiracy against him. Craig Anderson's arguments, however, are unavailing.

First, the factual disputes identified by Craig Anderson are either not material or not genuine. For example, his argument that he never brought claims against Morrison is not genuine because it is simply wrong. The Order dated June 1, 2010, from the Fifth Judicial District Court of Minnesota in Jackson County, case file 32-CV-09-133, clearly recites Craig Anderson brought claims as an individual, as well as successor trustee and attorney-in-fact for his parents, against Morrison.

The other factual issues identified by Craig Anderson are rendered immaterial by the

doctrines of claim preclusion and issue preclusion. Craig Anderson has previously brought claims against Morrision, Bruce Anderson, Cynthia Burrell, Terry Whitman, and Robert O'Connor based on the events surrounding the re-capacitation of his parents. Craig Anderson has also previously challenged the veracity of the information used by Defendant Margaret Salzwedal ("Salzwedal") in securing a search warrant for his house.

Under the doctrine of claim preclusion, "a party is precluded from raising subsequent claims in a second action when: (1) the earlier claim involved the same set of factual circumstances, (2) the earlier claim involved the same parties or their privities, (3) there was a final judgment on the merits, and (4) the estopped party had a full and fair opportunity to litigate the matter." Brown-Wilbert, Inc. v. Copeland Buhl & Co., 732 N.W.2d 209, 220 (Minn. 2007). Claim preclusion applies even when a judgment may have been wrong. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

Here, Craig Anderson previously brought claims against Morrison, Bruce Anderson, Cynthia Burrell, Terry Whitman, and Robert O'Connor based on the same factual predicate as his current claims–the legal re-capacitation of his parents. Furthermore, Darlene Anderson, as wife and alleged co-conspirator of Bruce Anderson, is Bruce Anderson's privity. See RSM Production Corp. v. Freshfields Bruckhaus Deringer U.S. LLP, 800 F. Supp. 2d 182, 193–94 (D.D.C. 2011) ("Members of a conspiracy are deemed under the law to be in privity with each other.") (citing Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 17–18 (1st Cir. 2010) and Gambocz v. Yelencsics, 468 F.2d 837, 841–42 (3d Cir. 1972)). In Craig Anderson's prior cases, final judgment on the merits was reached. Furthermore, Craig Anderson had a full and fair opportunity to litigate those claims.

Craig Anderson now avers the evidence against him was fraudulent. However, Minnesota courts refuse to apply claim preclusion only when there is an extrinsic fraud on the court. Ellis v. Hanson, No. A11-101, 2011 WL 5829104, at *2–3 (Minn. Ct. App. Feb. 14, 2011) (declining to apply claim preclusion because failure to disclose did not rise to level of extrinsic fraud requiring vacation of judgment). Craig Anderson had the opportunity to expose the fraud he alleges in the prior proceeding. No collusion between the judge and parties has been alleged, and claim preclusion bars the claims against Morrison, Darlene Anderson, Bruce Anderson, Cynthia Burrell, Terry Whitman, and Robert O'Connor.

Likewise, issue preclusion bars Craig Anderson's claims against Salzwedal and John Doe. The gravamen of Craig Anderson's claims against Salzwedal and John Doe are that they conspired to "trump up" criminal allegations against him and obtain a warrant for his arrest. During his criminal prosecution, he attacked Salzwedal's procurement of the warrant, arguing Salzwedal made intentional or reckless omissions from the warrant application and that she made specific and direct false statements. After an omnibus hearing, the state court held that "Salzwedal was operating under her best information and belief and first hand knowledge, her statements in the warrant application were not intentional or reckless but were true to the best of her knowledge." Dec. 16 Aff. of Frank J. Rajkowski [Docket No. 87], App'x A to Ex. B at 4.

Issue preclusion makes a determination of a court of competent jurisdiction conclusive of an issue in subsequent suits where: "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." Kaiser v. N. States Power Co., 353 N.W.2d 899, 902 (Minn.

1984) (quotations omitted).  Here, Craig Anderson already litigated the issue of Salzwedal's good faith in obtaining the warrant against him, and a final judgment was reached.  Under Minnesota's rules of criminal procedure, the omnibus hearing provided a full and fair opportunity for Anderson to make his arguments, and they were rejected.  They cannot now be re-litigated.

Because claim preclusion and issue preclusion could be decided with reference to public documents, summary judgment prior to the close of discovery was proper.  Furthermore, to the extent Judge Boylan's R&R did not rely on preclusion doctrines, the R&R relied on the allegations of the Complaint itself.  For example, the Complaint on its face does not allege sufficient factual content to plausibly suggest that Bruce Anderson and Darlene Anderson acted under color of state law, or that a RICO enterprise existed, or that a pattern of racketeering existed, or that Jackson County had a policy of custom of unconstitutional conduct.  Therefore, Craig Anderson's Objections are overruled, and the R&R is adopted.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Craig Anderson's Objections [Docket No. 105] are **OVERRULED**;

2. Judge Boylan's Report and Recommendation [Docket No. 104] is **ADOPTED**;

3. Morrison's Motion to Dismiss [Docket No. 15] is **GRANTED**;

4. Morrison's Motion to Stay Discovery [Docket No. 32] is **DENIED** as moot;

5. Bruce Anderson and Darlene Anderson's Motion for Summary Judgment [Docket No. 38] is **GRANTED**;

6. Jackson County, Terry Whitman, and O'Connor's Joint Motion for Summary

Judgment [Docket No. 47] is **GRANTED**;

7. Burrell's Application to Proceed In Forma Pauperis [Docket No. 80] is **DENIED** as moot;

8. Burrell's Motion to Appoint Counsel [Docket No. 82] is **DENIED** as moot;

9. Craig Anderson's Motion to Amend Complaint and Substitute Parties [Docket No. 92] is **DENIED**;

10. Craig Anderson's Motion for Summary Judgment [Docket No. 96] is **DENIED**;

11. Craig Anderson's Motion for Sanctions [Docket No. 103] is **DENIED**; and

12. All claims in the Complaint are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

                          BY THE COURT:


                          s/Ann D. Montgomery
                          ANN D. MONTGOMERY
                          U.S. DISTRICT JUDGE

Dated: June 5, 2012.