UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Craig L. Anderson,                                 Civil No. 11-2660 (ADM/AJB)

      Plaintiff-Appellant,

      v.                                        **ORDER**

County of Jackson, Margaret Salzwedal,
Terry Whitman, Bruce Anderson, Darlene
Anderson, Robert O'Connor, John Morrison,
Cynthia Burrell, John Doe, and Jane Doe,

      Defendant-Appellees.

---

This matter is presently before the Court on Plaintiff's application for leave to proceed <u>in forma pauperis</u>, ("IFP"), on appeal. (Docket No. 113.) For the reasons discussed below, the current IFP application will be denied, but Plaintiff will be granted leave to file an amended application.

Plaintiff is a federal prisoner who is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas. Because Plaintiff is a prisoner, the $455 filing fee for his appeal cannot be waived altogether. 28 U.S.C. § 1915(b); <u>Henderson v. Norris</u>, 129 F.3d 481 (8th Cir. 1997). An order granting IFP status to a prisoner-appellant in a civil action merely permits him to pay the filing fee for his appeal in installments, rather than all in advance. <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997). A prisoner is required to pay an initial partial filing fee upon the commencement of an action or appeal, and he is required to pay the remaining balance of the fee through periodic deductions from his prison trust account. 28 U.S.C. § 1915(b)(1) and (2).

In order for the Court to determine the amount that a prisoner must pay as an initial partial filing fee for his appeal, his IFP application must include –

"a certified copy of the trust fund account statement (or institutional equivalent) for

> the prisoner for the 6-month period immediately preceding the filing of the... notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

28 U.S.C. § 1915(a)(2).

Plaintiff's current IFP application does not provide the certified trust account information required by § 1915(a)(2). As a result, the Court cannot determine the amount that Plaintiff will have to pay as an initial partial filing fee pursuant to § 1915(b)(1). Furthermore, the current IFP application does not furnish any other specific information regarding Plaintiff's income and assets, so the Court cannot even determine whether Plaintiff is truly indigent.

Because Plaintiff's current IFP application is grossly inadequate, it must be denied. However, the application will be denied without prejudice, and Plaintiff will be given an opportunity to file an amended IFP application. If Plaintiff intends to file a new IFP application, he should use the court-approved application form, (which is available from the Clerk of Court upon request). The prescribed form solicits a complete description of the applicant's income and assets, and it also includes a "CERTIFICATE" section that solicits the trust account information required by § 1915(a)(2). <u>The "CERTIFICATE" section of the prescribed form must be completed and signed by an authorized prison official</u>.

If Plaintiff files a new and properly completed IFP application by November 9, 2012, the Court will then determine whether he is financially eligible for IFP status, and if so, the Court will also calculate and assess Plaintiff's initial partial filing fee. See <u>Henderson</u>, 129 F.3d at 485. The Court will also consider whether Plaintiff's appeal is taken in good faith. <u>Id</u>.; <u>see</u> <u>also</u> 28 U.S.C. § 1915(a)(3). If Plaintiff does not file an amended IFP application by November 9, 2012, he will be deemed to have waived the opportunity to apply to this Court for IFP status on appeal.

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's pending application to proceed <u>in forma pauperis</u> on appeal, (Docket No. 113), is DENIED WITHOUT PREJUDICE; and

2. Plaintiff is granted leave to file an amended application to proceed <u>in forma pauperis</u>, but if he elects to do so, his amended application must be filed by no later November 9, 2012.

Dated: October <u>15</u>, 2012          s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge